MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR. (FJL:3210)
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZAID AMIAN ABDULLA AL-SAIDI,
individually,                                              :

                Petitioner,          :                 ANSWER

                - v. -                   :

                                                      07 Civ. 7326 (DC)

ANDREA QUARANTILLO, officially    :
as District Director, U.S. Citizenship &        FILED ELECTRONICALLY
Services; and U.S. CITIZENSHIP
& IMMIGRATION SERVICES,        :

                                               :
               Defendants.
------------------------------------------------------------x

       Defendants Andrea Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS"); and the CIS (collectively, "defendants" or "Government"), hereby answer the Petition for Review of Naturalization Denial ("petition") of petitioner Zaid Amian Abdulla Al-Saidi, individually ("petitioner" or "Al-Saidi"), upon information and belief, as follows:

       1.      Neither admit nor deny the allegations in paragraph 1 of the petition because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 1 for an accurate statement of its provisions.

2.  Neither admit nor deny the allegations in paragraph 2 of the petition because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 2 for an accurate statement of its provisions. In further response to the allegations in paragraph 2, defendants aver that: (1) on or about October 30, 2005, petitioner submitted an application ("naturalization application" or "N-400 application") to the CIS, seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427; (2) on August 4, 2006, the CIS issued a decision ("August 4, 2006 decision") denying petitioner's naturalization application; (3) on or about September 1, 2006, petitioner filed a timely administrative appeal of the August 4, 2006 decision in the form of a request for an administrative hearing ("N-336 hearing") before a senior naturalization examiner, pursuant to pursuant to INA § 336(a), 8 U.S.C. § 1447(a); (4) the CIS conducted an N-336 hearing on October 19, 2006; and (5) the CIS confirmed its initial denial of petitioner's naturalization application in an administratively final decision dated April 20, 2007 ("April 20, 2007 decision").

3.  Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 3 for accurate statements of their provisions. To the extent that a further response to the allegations in paragraph 3 is required, defendants deny the allegations.

4.  Neither admit nor deny the allegations in paragraph 4 because they constitute petitioner's characterization of this action and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 4 for an accurate statement

of its provisions. To the extent that a further response to the allegations in paragraph 4 is required, defendants deny the allegations.

5. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5 regarding petitioner's place of residence; neither admit nor deny the remaining allegations in paragraph 5 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions.

6. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 6 regarding petitioner's place of residence; and admit the remaining allegations in paragraph 6.

7. Neither admit nor deny the remaining allegations in paragraph 7 because they constitute conclusions of law, to which no response is required.

8. Admit the allegations in paragraph 8.

9. Admit the allegations in paragraph 9.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Admit the allegations in paragraph 13.

14. Admit the allegations in paragraph 14

15. Neither admit nor deny the allegations in paragraph 15 because they constitute conclusions of law, to which no response is required.

16. In response to paragraph 16, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 15 of the petition.

17. Neither admit nor deny the allegations in paragraph 17 because they constitute petitioner's characterization of this action, prayer for relief, and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 17 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 17 is required, defendants deny the allegations.

18. Neither admit nor deny the allegations in paragraph 18 because they constitute petitioner's prayer for relief and/or conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 18 for an accurate statement of its provisions. To the extent that a further response to the allegations in paragraph 18 is required, defendants deny the allegations.

## AS AND FOR A DEFENSE

The administrative decisions issued by the CIS on August 4, 2006, and, upon further review, on April 20, 2007, denying petitioner's naturalization application, were properly issued, were supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of the CIS's broad discretion in naturalization matters.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the petition in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
January 7, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: /s/
F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York  10007
Tel. No.: (212) 637-2728
(FJL:3210)

TO: ROMBEN AQUINO, ESQ.
FERRO & CUCCIA, LLP
Attorneys for Petitioner
100 Lafayette Street, Suite 201
New York, NY  10013